JOSEPH C. ALGER, RESPONDENT, *v.* BEMAN S. CONGER, ADMINISTRATOR, AND ELLEN A. ALGER, ADMINISTRATRIX, ETC., OF SILAS J. ALGER, DECEASED, APPELLANTS.

*Suit by trustees — when an execution against them personally is improper.*

Alger and Stanton, describing themselves as trustees, presented a written claim to the defendants, as administrators, stating that the claim was held by them as trustees. The claim was, by consent, referred; the answer 'of the defendants was entitled, in the name of Alger and ,Stanton, trustees, against Conger and Alger, administrators. The referee in his report stated that plaintiffs were duly appointed trustees, found against them and directed that the complaint be dismissed, with costs. Upon motion, the report was confirmed and judgment was directed "against the plaintiff Joseph E. Alger, as survivor," for costs. Judgment was accordingly entered against him in the same form, and an execution was issued against him personally. In the title of the report of the referee, the motion for judgment and the judgment itself, the word "trustees" was omitted.

A motion was made to set aside the execution issued against plaintiff individually, on the ground that it was unauthorized; *held,* that the motion was proper and should be granted. (BOCKES, J., dissenting.)

APPEAL from an order made at Special Term, setting aside an execution issued upon a judgment entered herein:

*Waters & Knox,* for the appellants.

*Duell & Benedict,* for the respondent.

LEARNED, P. J.:

Joseph C. Alger and William C. Stanton, describing themselves as trustees, etc., presented a written claim to the defendants, administrator and administratrix, stating the claim to be held by them in their right as trustees. The parties agreed to refer under the statute, and a reference was had. The answer of the defendants is entitled in the name of said Alger and Stanton, trustees, against said Conger and Algers, administrators, etc. The report of the referee states that the plaintiffs were duly appointed trustees, 'and finds against them. On the usual notice the report was

confirmed with costs,. and the defendants were granted judgment against the plaintiff, Joseph C. Alger, as survivor. Thereupon a judgment was entered. In the title of the referee's report, and in all the subsequent proceedings, the names of the plaintiffs are given without the addition of the word, *trustees.* There was no order that the plaintiff should pay costs personally. Before the entering of the judgment, the plaintiff's attorneys notified the defendants that they objected to the entry of any personal judgment or execution against the plaintiff. But an execution was issued against the plaintiff personally. This the Special Term set aside on motion; giving leave, however, to the defendants to apply for an order charging the plaintiff, personally, or for an order under section 317 of the Old Code.

I think the order of the Special Term was right. We must take the whole judgment-roll together. And then it clearly appears that this was an action prosecuted by the trustee of an express trust. (Old Code, 317.) The claim is stated to be held by the plaintiffs, *as trustees.* That claim is attached to the agreement to refer and is a part thereof. The referee's report finds that the plaintiffs were appointed trustees, and that the trustees received and held the money in question.

Now, in such a case the Code says that costs shall be recovered as in an action by or against a person prosecuting or defending in his own right. But these costs are chargeable only upon, and to be collected of, the estate represented; unless the court shall, for mismanagement or bad faith, direct them to be paid by the party personally.

And, therefore, although the defendants neglected to add the word "trustees" to the title of their judgment, that neglect did not make the plaintiff personally liable. The judgment could be only against the estate or fund, whatever might be the title, because it was the estate or fund which presented the claim. To hold the plaintiff personally the court must, on due proof, find mismanagement or bad faith. Nothing of this kind was done. Very possibly it was correct practice to enter a judgment in form against the plaintiff; though it would have been more accurate to add the word "trustees." But whether that word were added or not, the fact appears on the roll that the plaintiffs were acting

as trustees of an express trust; and the costs are recovered against the estate or fund.

The order should be affirmed, with ten dollars costs and printing disbursements.

BOCKES, J., dissenting.

This is an appeal from an order of the Special Term, setting aside the execution issued upon the judgment in favor of the defendants in the action.

The motion was granted by the Special Term on the ground that the judgment entered herein did not authorize the issuing of an execution against Alger personally. The question whether or not the judgment gives support to the execution against Alger must be determined from an inspection of the judgment as entered. The record itself must control. If the entry of judgment be improper or irregular in form, it should have been corrected by the party injured by the irregularity. Thus, then, we must make inspection of the judgment as entered, and as it now stands. This is the authority for the execution, and must control so long as it remains the record of the adjudication of the court in the case.

Then is the judgment as it is entered against Alger (survivor) personally for the costs of suit? Does the judgment so declare? First. The title of the cause heading the entry of judgment is "Joseph C. Alger and William Stanton" as plaintiffs, against "Beman S. Conger, administrator," etc., as defendants. The plaintiffs are not here represented on the record as trustees, but occupy the position of plaintiffs in their own right. Second. The entry of judgment then recites proceedings taken by the plaintiffs personally; the decease of Stanton leaving Alger survivor; the reference to Judge SHANKLAND to hear and determine the case; his decision of it in favor of the defendants, with costs and disbursements; then a motion to the court for the confirmation of the referee's report and for judgment thereon; the granting of the motion on argument before the Special Term, and the ordering of judgment in favor of the defendants "*and against. the plaintiff Joseph C. Alger, as survivor;*" the taxation of the costs against him pursuant to this order; and then follows the judgment — the adjudication — of

the court, as follows : "*That the defendants recover of the plain-tiff Joseph C. Alger, as survivor, the sum of $106.85, costs and disbursements, and that the defendants have execution therefor.*" This is manifestly a judgment against Joseph C. Alger personally. It is an authority for a docket of judgment against him, not in a representative character, but personally ; and no other execution than one against his property could be properly issued thereon. Stopping here and resting upon the final adjudication, as entered in the record, the execution issued upon it against the property of Alger was well authorized.

But let us travel back on the record, and we find the order of the Special Term entitled like the entry of judgment. It is entitled " Joseph C. Alger and William Stanton " as plaintiffs, not in a representative capacity, but in their own right. The order, as it appears, was made after argument of counsel. The referee's report was confirmed and judgment was directed as fol-lows : "*That the defendants have judgment against the plaintiff Joseph C. Alger, as survivor, for their costs and disbursements to be taxed,*" etc. Here was the express adjudication of the court, after argument of counsel, awarding judgment against Joseph C. Alger, personally. This order stands in full force, not vacated, modified or reversed ; and it authorized the entry of judgment as in this case it was entered and docketed. The record, as made up, would sustain the legal conclusion that the question of Alger's personal liability for the costs was discussed and determined. Such is the purport and effect of this order and of the judgment entered thereon, and the record of the court imports absolute verity. The order for judgment was made on notice to the plaintiff's attorney, the notice being entitled the same as was the order, and as was also the entry of judgment. The entitling of the papers would not be controlling against explanatory recitals and specific declarations, and conclusions contained in them ; but the entitling becomes significant, if in consonance with all that follows. Here the order for judgment and the formal entry of judgment are in harmony in all their parts. Then, too, we find the report of the referee entitled in the same manner as the order and entry of judgment, and judgment is awarded by the referee's direction in favor of the defendants, with costs. The answer to these sugges-

tions is that the proceedings were, and are irregular, formally erroneous. If that be so, the irregularity should have been corrected. So long as the record remains in its present form, it is controlling, according to its purport. The judgment stands against the plaintiff Alger for the costs of suit, and the execution against his property was authorized by it. As the record is made up and presented in this case, the question of Alger's personal liability for the costs of the action is determined.

The order appealed from should be reversed, with ten dollars costs of appeal, and disbursements for printing, and the motion to set aside the execution should be denied, with ten dollars costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order affirmed, with ten dollars costs and printing disbursements.